## WEBER v. HERMAN, AN INFANT.

*Negligence—Cousin driving automobile not agent of owner,
   when—Cousin detouring for personal errand at time of
   accident—Liability does not arise out of family relation-
   ship only—Relation of agent or servant not established
   by evidence—Cousins driving other cars belonging to
   owner.*

1. In action for injuries to plaintiff struck by automobile owned
   by defendant and being driven by his cousin, evidence
   showing that defendant instructed cousin living with him
   to take car from garage to home, that cousin did so, and
   then started elsewhere to call for defendant's mother at
   her request, did not show cousin was operating car with
   defendant's authority and as his agent sufficiently to hold
   defendant liable for injuries.

2. Where cousin of owner of automobile, driving automobile,
   took detour on errand of his own of mile and half from
   direct route in calling for owner's mother, who was per-
   mitted to use car, owner would not be liable for injuries
   by cousin while driving along detour.

3. Liability of owner of automobile for injuries while driven
   by another cannot arise out of family relationship only,
   but can only arise out of relationship of master and
   servant, or principal and agent.

4. In action for injuries to plaintiff struck by automobile
   owned by defendant and being driven by his cousin,
   evidence showing that cousin occasionally drove other
   cars, some of which belonged to defendant, did not tend
   to show that on occasion of injury he was operating
   defendant's car as his agent or servant.

(Decided March 21, 1927.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Calkins, Storey & Nye,* for plaintiff in
error.

*Mr. Harold Kehoe* and *Mr. Ralph Emery,* for defendant in error.

RICHARDS, J.  This action was brought in the court of common pleas by Celia Herman, an infant, through her next friend, to recover damages suffered by being run into by an automobile at the intersection of Summit and Perry streets, in the city of Toledo.  The trial resulted in a verdict and judgment in favor of the plaintiff for $1,000.

While the defendant denied negligence, it is conceded that the evidence is very conflicting on that subject, and the important question for determination in the case is whether the driver of the automobile that ran against Celia Herman was the agent or servant of the defendant, Weber.  The evidence relating to this aspect of the case is undisputed.  It shows that the Weber household consisted of the defendant, Charles A. Weber, his mother, and his cousin, Norman Matzinger, a boy 18 years old, who had lived in the home since he was two years of age.  Weber owned the car, which was kept in his garage at his home on Princeton drive in the southerly part of the city of Toledo. Weber was a traveling salesman and ordinarily absent from home on business from the beginning of the week until Saturday.  His car had been temporarily left at a garage on Wayne street, some distance west of his residence, in order to have the batteries fixed.  Before leaving home about December 7, he told his cousin, Norman Matzinger, to get the car when it was fixed and bring it home and place it in the garage.  The repairs on the car were completed on Thursday, December 10, 1925, and on that day Matzinger, who was at-

tending Libbey high school, went in company with
a companion, also attending that school, to the
garage and got the car.  They state that Norman
drove the car to Weber's home; one of them testify-
ing that he placed it in the garage, and the other
that he merely drove it on the driveway.  The two
boys thereupon entered the home and discovered
a note from the mother of Weber.  While this note
was not introduced in evidence, it appears to have
been a request for him to take the car and come
to East Toledo and bring her back home to Prince-
ton drive.  The evidence shows that after staying
at the Weber home for 10 or 15 minutes they took
the car, pursuant to the request of Weber's mother,
and started to drive to East Toledo after her, the
car being operated by Matzinger, whose competen-
cy as a driver is not questioned.  They had evident-
ly intended to cross the river on the Fassett street
bridge, which would be the most direct route, but
instead of doing so they drove north into the city
to Mockett's store, on Summit street, between
Jefferson and Madison avenues, in order to leave
a coat belonging to Norman Matzinger, which he
wished to have repaired.  After leaving Mockett's
store they started south on Summit street in the
direction from which they had come, toward the
Fassett street bridge, intending to cross that
bridge to East Toledo and get Weber's mother.
After traveling about two blocks south they reached
the intersection of Summit and Perry streets,
where the car ran into Celia Herman, a child about
11 years of age, who was crossing the street, and
she was seriously injured.  After the accident
Matzinger drove the car to the Fassett street bridge
and across the river after his aunt, the defendant's

mother, and brought her back to Princeton drive where they all resided.   Not one of these facts is disputed.

On the question of the authority of Norman Matzinger to use the car, the defendant testified as follows:

"Norman only could use the car when he had my permission.   The car was not there for his use, at his own discretion; absolutely not.

"Q. And did your mother have the discretion of letting him use it from time to time? A. She did, occasionally.   Sometimes she would tell me at the first of the week that she had certain things that she cared to do and that was all right.

"Q. And Norman would take her in the machine? A. He would have to do; yes, sir.

"Q. In other words, your mother didn't drive the automobile?   A. No, sir.

"Q. And when she had occasion to go out she would have Norman operate the machine?   A. Yes, sir."

There is evidence contained in the record that Norman Matzinger occasionally drove the car, but no evidence that he had the right to operate it without permission from the owner, and no evidence that he had any permission to operate it on December 10, 1925, except to bring it from the garage on Wayne street to Princeton drive, nor is there any evidence from which such authority could be inferred.   Neither is there any evidence that he was on any mission for the defendant, or at his request, after he had taken the car from the repair shop to Princeton drive.

On this state of facts it is contended by Weber that the judge should have directed the jury to

return a verdict in his favor, first, because Matzinger was not, on the occasion, his agent or servant operating the car with his authority in making the trip after the mother, and, second, because he deviated or made a detour from the route on his own account in going to the Mockett store to leave his coat. It appears to the court that both of these contentions are well taken. The evidence discloses that in order to make the trip to the Mockett store Matzinger made a detour of at least a mile and a half from his direct course to cross the Maumee river over the Fassett street bridge, and there is no evidence that this detour was made for any purpose except on a business errand of his own.

If Weber's mother had been able to drive the car, and had been permitted to take it for her own pleasure or convenience, it would scarcely be contended that in making her trip to East Toledo she was the agent or servant of her son, and, certainly, if liability would not arise under those circumstances, it would not arise because of the fact that she requested Matzinger to take the car and come after her. It is well settled in Ohio that liability in such case cannot arise out of the family relationship merely, and that it can only arise out of the relation of master and servant, or principal and agent. This case is directly within the principles announced by the Supreme Court in *Elms* v. *Flick,* 100 Ohio St., 186, 126 N. E., 66, *Bretzfelder* v. *Demaree,* 102 Ohio St., 105, 130 N. E., 505, and *Stewart* v. *Whitford,* 22 C. C., (N. S.), 585, 30 C. D., 652, decided by this court.

The evidence discloses that Norman Matzinger had experience in occasionally driving other cars, some of which belonged to the defendant, Weber,

but neither this nor any other evidence tends to show that on the occasion of the injury he was operating the car as his agent or servant.

We have examined the other claimed errors and find no others justifying a reversal of the judgment. However, on the undisputed facts in the case the judgment rendered in the trial court must be reversed and final judgment rendered here for plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

WILLIAMS and LLOYD, JJ., concur.