## MOORE v. NEIMAN.

Ohio Appeals, 6th Dist., Erie Co.

No. 282. Decided Sept. 29, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**AUTOMOBILES.**
(50 Na3) Mere family relationship, in cases where father owns automobile, and son is allowed to use it for his own purposes .on such occasions as he may see fit, does not create liability against owner of car for damages resulting from negligence of son in operating it. Where father is not guilty of negligence in entrusting car to son, who is incompetent driver, liability can only arise when son is operating car as agent for employe of father, or on a mission for him.

Notwithstanding son may become agent of father for purpose of taking car to garage as directed by father, such agency does not exist when son, in violation of directions given him, takes car on pleasure trip of his own.

Error to Common Pleas.

Judgment reversed.

Young & Young, Norwalk, for Moore.
John F. McCrystal, Sandusky, for Neiman.

STATEMENT OF FACTS.

This action was commenced in the Court of Common Pleas by George Heiman to recover damages resulting in an automobile collision. The jury returned a verdict for $900.00 and judgment was entered thereon and this proceeding in error is brought to secure a reversal of that judgment.

The collision of the two automobiles occurred at or near Castalia very early in the morning of April 19, 1925. The car which caused the damage to Neiman was owned by the plaintiff in error, B. L. Moore, but he was not in the car at the time. It was being operated either by his son, Francis Kenneth Moore, or by another young man who was his companion. It is contended that the owner of the car was liable for the injuries resulting to Neiman because it was being operated by his son and it is urged that the son was an incompetent driver and the car had been entrusted to him and the son is claimed to have been intoxicated at the time of the collision.

The evidence shows that the plaintiff in error and his family, including this son who was nearly twenty-one years of age at the time of the collision, resided in Bellevue and that the son was employed at the Wlyys-Overland plant in the City of Toledo. The son had returned from Toledo on the afternoon of April 18th, 1925, and had taken the car from his father's garage without the knowledge of either of his parents. He, however, met his father downtown and they held a short conversation and the father told his son to take the car to the garage because he had got it all fixed up. The son, however, in company with a young man, and without the knowledge of his father, drove to Fremont that evening to a dance, and from Fremont, after the dance, drove to Sandusky accompanied by two young ladies. In Sandusky they drank some wine and started home after one o'clock in the morning. It was on this trip after leaving Sandusky, that the collision occurred.

RICHARDS, J.

The record contains no evidence that the father had any knowledge of the son's drinking, nor is there any evidence that the son was in the habit of becoming intoxicated. He had been accustomed to drive this car whenever he chose, usually however, asking permission from his father. He was familiar with the operation of automobiles, and his father knew that he was an experienced driver.

The bill of exceptions discloses clearly that on the night in question the son was on a pleasure trip of his own and not on any mission for his father, and he was not the agent or employe of the father, nor in his service.

It is settled law in Ohio that the mere family relationship in cases where the father owns an automobile and a son is allowed to use it for his own purposes on such occasions as he may see fit, does not create liability against the owner of the car for damages resulting from the negligence of the son in operating it. Where the father is not guilty of negliegence in entrusting the car to a son who is an incompetent driver, liability can only arise when the son is operating the car as agent or employe of the father or on a mission for him.

Elms v. Flick, 100 Ohio St., 186;
Bretzfelder v. Demaree, 102 Ohio St., 105;
Weber v. Herman, 24 Ohio App., 395.

And even if the son was the agent of the father for the purpose of taking the car to the garage as directed by his father, such agency would not exist when the son, in violation of the directions given him, took the car on a pleasure trip of his own.

There being no circumstances in the record tending to show liability of the owner of the car, the judgment should be reversed and final judgment rendered in favor of the plaintiff in error.

(Williams and Lloyd, JJ., concur.)